IN THE UNITED STATES DISTRICT COURT
MIDGLE DISTRICT OF ALABAMA
~~NORTHERN~~ DIVISION

RECEIVED 2005 DEC 13 A 10: 20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| JENNY E. HAAS,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF ALEXANDER CITY<br>AND CHIEF RONNIE BETTS, in<br>his individual and official capacities,<br><br>   Defendants. | CIVIL ACTION NO.: 2:05cv1182-C<br><br>JURY DEMAND |

**COMPLAINT**

**I.   INTRODUCTION**

1.   This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a. The plaintiff also through 42 U.S.C. § 1983 seeks to invoke the Equal Protection Clause of the Fourteenth Amendment and the Right to Free Speech protection in the First Amendment.

**II.   JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES**

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b).

3.   The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. The plaintiff timely filed her charge of discrimination within 180 days of the

occurrence of the last discriminatory act. The plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the EEOC.

### III.   PARTIES

4.   The plaintiff, Jenny Haas, is a female citizen of the United States and a resident Coosa County, Alabama. The plaintiff was employed by the defendant, City of Alexander City.

5.   The defendant, City of Alexander City, hereinafter "the defendant," is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e et seq., 42 U.S.C. Section 1981a. At all times pertinent to the matters alleged herein, the defendant has employed fifteen (15) or more employees.

6.   Individual defendant Chief Ronnie Betts is being sued in his individual and official capacities and is subject to suit for the First and Fourteenth Amendment constitutional violations referenced in this complaint.

### IV.   FACTUAL ALLEGATIONS

7.   The plaintiff began working with the defendant in April of 1998 as an Emergency Medical Technician (EMT) basic. She advanced to the position of paramedic before voluntarily resigning in May of 2003.

8.   During the plaintiff's first stretch of employment, she had complained about sexual harassment.

9.   The plaintiff, who was the only available paramedic at the time who was willing to accept a position with the defendant, was subsequently rehired in October 2004.

10. When the plaintiff was rehired, the defendant discriminated and retaliated against her by paying her a lower salary than she had previously received.

11. When the plaintiff learned that males who have been off and subsequently rehired returned making the same salary they made when they had previously left the defendant, she complained about this discriminatory treatment.

12. The plaintiff eventually took her complaint of gender discrimination to Chief Betts, and asked him to correct her pay disparity. Chief Betts responded to the plaintiff's gender discrimination complaint by threatening to fire her. He told her she had no right to come in his office "bitching and moaning" about her pay and if she chose to pursue this matter further she would be terminated. Chief Betts cautioned the plaintiff not to forget she was a probationary employee, and that he could hire anyone at any rate he felt they deserved.

13. In accordance with the plaintiff's understanding of the defendant's procedures, on March 10, 2004, the plaintiff presented a letter to the defendant stating that she was being discriminated against because of her sex in pay.

14. The plaintiff heard nothing further concerning her written complaint of discrimination until Chief Betts called her into his office on March 16, 2004 and gave her a dismissal letter. When the plaintiff asked if she could ask "why", Chief Betts told the plaintiff that she could ask but he did not have to give her an answer.

## V.   CAUSES OF ACTION

### COUNT I – Gender Discrimination in Violation of Title VII

15. The plaintiff re-alleges and incorporates by reference paragraphs 1-14 above with the

same force and effect as if fully set out in specific detail herein below.

16. The plaintiff brings this Count only against the defendant City pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e et seq., as amended, and 42 U.S.C. Section 1981a.

17. The defendant discriminated against the plaintiff because of her female gender in pay and termination.

18. The defendant has failed to articulate a legitimate non discriminatory reason for its discriminatory payment practices and its decision to terminate the plaintiff.

19. The defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's federally protected rights.

**COUNT II – Retaliation in Violation of Title VII**

20. The plaintiff re-alleges and incorporates by reference paragraphs 1-19 above with the same force and effect as if fully set out in specific detail herein below.

21. The plaintiff brings this Count only against the defendant City pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e et seq., as amended, and 42 U.S.C. Section 1981a.

22. In retaliation for the plaintiff complaining of gender discrimination, the defendant retaliated against the plaintiff by taking adverse employment actions against her, including paying her less money and terminating her.

23. The defendant has failed to articulate a legitimate reason for the adverse employment actions it took against the plaintiff.

24.    The defendant engaged in the practices complained of herein with malice and/or with reckless indifference to the plaintiff's federally protected rights.

### COUNT III    Fourteenth Amendment to United States Constitution - Equal Protection

25.    The plaintiff re-alleges and incorporates by reference paragraphs 1-24 above with the same force and effect as if fully set out in specific detail herein below.

26.    42 U.S.C. § 1983, provides that any person acting under color of State law who deprives any other person of rights guaranteed by the constitution or laws of the United States shall be liable to the injured party in an action for legal or equitable relief.

27.    The discriminatory and retaliatory actions of defendants described in this Complaint, were taken under color of State law.  Defendants' actions, as stated in this Complaint, constitute purposeful discrimination and retaliation and are arbitrary and capricious. As such, defendants have deprived plaintiff of her rights to equal protection under the Fourteenth Amendment to the United States Constitution.

28.    Defendants acted with malice and/or deliberate indifference to the federally protected right of the plaintiff.

29.    Defendants' discrimination and retaliation against plaintiff violated plaintiff's clearly established Constitutional right to Equal Protection.

### COUNT IV - First Amendment

30.    Plaintiff adopts and realleges Paragraphs 1-29 above as if fully set forth herein.

31.    Since plaintiff spoke out about matters of public concern, her First Amendment interests outweigh any interest the defendants may have had in suppressing such speech and

the plaintiff's exercise of her free speech was a substantial or motivating factor in the defendants' decision to discharge her.

32.   By paying the plaintiff less money and terminating her, the defendants retaliated against the plaintiff for her exercising her right to free speech guaranteed to her by the First Amendment to the United States Constitution and 42 U.S.C. §1983.

33.   The discriminatory and retaliatory actions of defendants described in this Complaint were taken under color of State law.  Defendants' actions, as stated in this Complaint, constitute purposeful discrimination and retaliation and are arbitrary and capricious.

34.   Defendants acted with malice and/or deliberate indifference toward the plaintiff's federally protected rights.

35.   Defendants' discrimination and retaliation against plaintiff violated plaintiff's clearly established Constitutional right to Free Speech.

36.   Defendants acted with malice and/or reckless indifference toward the plaintiff.

**VI.   PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff as secured by Title VII, as amended, and 42 U.S.C. Section 1981a and 42 U.S.C. §1983.

2.   Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendant and at the

defendant's request from continuing to violate Title VII, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1983.

3. Enter an Order requiring the defendants to make the plaintiff whole by awarding her back pay (plus interest), punitive damages, compensatory damages, reinstatement, front pay, nominal damages, loss of benefits including retirement, pension, seniority and other benefits of employment.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

_____
Jon C. Goldfarb (ASB-5401-F58J)
Maury S. Weiner (ASB-8856-W86M)
Kell A. Simon (ASB-0214-O77K)
Counsel for Plaintiff

**OF COUNSEL:**

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANTS' ADDRESSES**:

Chief Ronnie Betts
Alexander City Fire Department
38 Court Square
Alexander City, Alabama 35010

Mr. Ronnie Betts, Individually
38 Court Square
Alexander City, Alabama 35010

City of Alexander City
Louise Hardman, City Clerk
4 Court Square
Post Office Box 552
Alexander City, Alabama 35011-0552