IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Jenny E. Haas, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV-05-1182-C |
| | * | |
| City of Alexander City and Chief | * | |
| Ronnie Betts | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW Defendants, by and through counsel, and state the following as their answer to Plaintiff's complaint:

1. No answer is required of these Defendants as to paragraph one of Plaintiff's complaint.

2. These Defendants admit that jurisdiction is proper, and the venue is in the Middle District of Alabama.

3. These Defendants admit paragraph three of Plaintiff's complaint.

4. These Defendants admit paragraph four of Plaintiff's complaint.

5. These Defendants admit paragraph five of Plaintiff's complaint.

6. These Defendants state the claim against Chief Betts in his official capacity is redundant and should be dismissed. Further, these Defendants deny any constitutional violations alleged in Plaintiff's complaint.

7. These Defendants admit paragraph seven of Plaintiff's complaint.

8. These Defendants admit that Plaintiff complained of sexual harassment from an individual that was not employed by or controlled by the City of Alexander City.

9. These Defendants deny paragraph nine of Plaintiff's complaint and demand strict proof thereof.

10. These Defendants deny paragraph ten of Plaintiff's complaint and demand strict proof thereof.

11. These Defendants admit that Plaintiff complained of individuals that were not similarly situated to the employment of Alexander City at the same rate of pay as when they were previously employed by the City of Alexander City. These Defendants deny the remainder of paragraph eleven of Plaintiff's complaint and demand strict proof thereof.

12. These Defendants deny paragraph twelve of Plaintiff's complaint and demand strict proof thereof.

13. These Defendants admit that Plaintiff sent a letter to the City of Alexander City. These Defendants deny any and all liability alleged in paragraph thirteen of Plaintiff's complaint.

14. These Defendants deny paragraph fourteen of Plaintiff's complaint and demand strict proof thereof.

15. No answer is required of these Defendants as to paragraph fifteen of Plaintiff's complaint.

16. No answer is required of these Defendants as to paragraph sixteen of Plaintiff's complaint.

17. These Defendants deny paragraph seventeen of Plaintiff's complaint and demand strict proof thereof.

18. These Defendants deny paragraph eighteen of Plaintiff's complaint and demand strict proof thereof.

19. These Defendants deny paragraph nineteen of Plaintiff's complaint and demand strict proof thereof.

20. No answer is required of these Defendants as to paragraph twenty of Plaintiff's complaint.

21. No answer is required of these Defendants as to paragraph twenty-one of Plaintiff's complaint.

22. These Defendants deny paragraph twenty-two of Plaintiff's complaint and demand strict proof thereof.

23. These Defendants deny paragraph twenty-three of Plaintiff's complaint and demand strict proof thereof.

24. These Defendants deny paragraph twenty-four of Plaintiff's complaint and demand strict proof thereof.

25. No answer is required of this Defendant as to paragraph twenty-five of Plaintiff's complaint.

26. These Defendants deny that any law of the United States has been violated and demand strict proof thereof.

27. These Defendants deny paragraph twenty-seven of Plaintiff's complaint and demand strict proof thereof.

28. These Defendants deny paragraph twenty-eight of Plaintiff's complaint and demand strict proof thereof.

29. These Defendants deny paragraph twenty-nine of Plaintiff's complaint and demand strict proof thereof.

30. No answer is required of these Defendants as to paragraph thirty of Plaintiff's complaint.

31. These Defendants deny paragraph thirty-one of Plaintiff's complaint and demand strict proof thereof.

32. These Defendants deny paragraph thirty-two of Plaintiff's complaint and demand strict proof thereof.

33. These Defendants deny paragraph thirty-three of Plaintiff's complaint and demand strict proof thereof.

34. These Defendants deny paragraph thirty-four of Plaintiff's complaint and demand strict proof thereof.

35. These Defendants deny paragraph thirty-five of Plaintiff's complaint and demand strict proof thereof.

36. These Defendants deny paragraph thirty-six of Plaintiff's complaint and demand strict proof thereof.

37. These Defendants deny the entirety of Plaintiff's prayer for relief, particularly, but not limited to, that Plaintiff is entitled to back pay, punitive damages, compensatory damages, reinstatement, front pay, nominal damages, loss of benefits including retirement, pension, seniority and other benefits of employment, and further state that Plaintiff was not entitled to an award of costs, attorney fees or expenses.

## **AFFIRMATIVE DEFENSES**

38. These Defendants affirmatively plead immunity.

39. These Defendants affirmatively plead that Plaintiff was not discriminated against.

40. These Defendants affirmatively plead that Plaintiff's reinstatement pay was equal to other individuals similarly situated to her.

41. These Defendants affirmatively plead that Plaintiff's comparison of other individuals who were re-hired by the City of Alexander City are not similarly situated to Plaintiff.

42. These Defendants affirmatively plead the general issue.

43. These Defendants affirmatively plead that they are entitled to qualified immunity.

44. These Defendants affirmatively plead that their actions were based on legitimate non-discriminatory reasons.

45. These Defendants affirmatively plead that Plaintiff was not retaliated against.

46. These Defendants affirmatively plead that Plaintiff has not right to return to the pay grade that she was receiving when she returned to the City of Alexander City.

47. These Defendants affirmatively plead that Chief Ronnie Betts was not the decision maker regarding Plaintiff's employment termination.

48. These Defendants affirmatively plead that Plaintiff is not entitled to front pay or back pay.

49. These Defendants affirmatively plead that Plaintiff is not entitled to recover punitive damages.

50. These Defendants affirmatively plead that Plaintiff was not discriminated against because of her gender.

51. These Defendants affirmatively plead that their actions were not discriminatory, were engaged in with malice, and/or reckless indifference to Plaintiff's rights.

52. These Defendants affirmatively plead that a policy or custom of the City of Alexander City was the proximate cause of her alleged constitutional violation.

53. These Defendants affirmatively plead that Plaintiff was not similarly situated with individuals with whom she compares her employment.

54. These Defendants affirmatively plead that they treated Plaintiff equally with other similarly situated individuals.

55. These Defendants affirmatively plead that Plaintiff's speech was not a matter of public concern.

56. These Defendants affirmatively plead that they did not suppress Plaintiff's alleged speech.

57. These Defendants affirmatively plead that if Plaintiff had engaged in protected activity, where employment termination would have resulted with or without the protected speech.

58. These Defendants affirmatively plead that Plaintiff's speech, of any, was not a substantial or motivating factor in her employment termination.

59. These Defendants affirmatively plead that any damages awarded under Title VII of the Civil Rights Act are limited by statute.

/sRick A. Howard  
ALEX L. HOLTSFORD, JR. (HOL048)  
RICK A. HOWARD (HOW045)  
Attorneys for Defendants

OF COUNSEL:  
Nix Holtsford Gilliland  
      Higgins & Hitson, P.C.  
P.O. Box 4128  
Montgomery, AL 36103-4128  
(334) 215-8585

/s Larkin B. Radney
LARKIN B. RADNEY
Attorney for City of Alexander City, Alabama

OF COUNSEL:
Barnes and Radney
Post Office Drawer 877
Alexander City, Alabama 35011

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Jon C. Goldfarb
Maury S. Weiner
Kell A. Simon
Wiggins, Childs, Quinn & Pantazis LLC
301 19th Street North
Birmingham, Alabama 35203

This the ___ day of January, 2006.

/s Rick A. Howard
OF COUNSEL